UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jose R., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:21-cv-01718-SRU <br><br><br><br><br><br> December 27, 2021 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Jose R.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In determining whether a plaintiff's financial circumstances meet this standard, courts consider not only his or her personal resources,

---

[1]    Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

but family resources as well. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision).

In this case, the plaintiff's *in forma pauperis* motion is accompanied by a financial affidavit stating that he is unemployed and has no liquid assets from which to pay the filing fee. (ECF No. 2-1.) The same affidavit says, however, that his "partner . . . supports him financially." (*Id.* at 5.) Because courts consider the resources of such partners in determining whether plaintiffs may proceed *in forma pauperis*, and because this plaintiff has not provided any information about his partner's resources, this Court is unable to determine whether he is entitled to proceed without paying the filing fee.

The Court therefore orders that, by January 10, 2022, the plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of his partner's resources and his/her ability to pay the fee. He is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

                                                */s/ Thomas O. Farrish*
                                                Hon. Thomas O. Farrish
                                            United States Magistrate Judge